## STATE EX REL. CLIFFORD DJONNE v. KENNETH SCHOEN AND OTHERS.

217 N. W. 2d 508.

April 12, 1974—No. 44364.

*James P. Cullen, Melvin B. Goldberg,* and *E. Michael Forde,* Legal Assistance to Minnesota Prisoners, and *C. Paul Jones,* for appellant.

*Warren Spannaus*, Attorney General, *Jonathan H. Morgan*, Solicitor General, and *James N. Bradford*, Assistant Attorney General, for respondents, commissioner of corrections, deputy of adult corrections, superintendent of State Reformatory, and chairman of the Adult Corrections Commission.

Heard before Sheran, C. J., and Todd, MacLaughlin, and McRae, JJ., and considered and decided by the court.

Todd, Justice.

Appellant appeals from an order discharging a writ of habeas corpus. He claims he has been denied due process by the failure of correction authorities to conduct a hearing prior to revocation of his work release. We reverse.

Appellant was confined at the State Reformatory at St. Cloud following conviction of burglary and was serving an indeterminate sentence not to exceed 10 years. On June 22, 1972, appellant was granted work release under the provisions of Minn. St. 241.26. He was employed in Minneapolis and under the terms of the program was confined at the Hennepin County jail at all times when not working or going to and from work. He was allowed weekend furloughs from the jail. The program had been explained to appellant, and he had signed an agreement to abide by the terms of the program. A copy of the agreement was never delivered to him.

On September 27, 1972, the Adult Corrections Commission revoked appellant's work release on recommendation of the work-release unit and he was returned to confinement at St. Cloud. Appellant was never advised of nor granted any right to a hearing. He received no notice of the alleged violation and did not see the violation report until the habeas corpus hearing. On May 25, 1973, during the pendency of this appeal, appellant was granted parole which will terminate May 8, 1975.

■ The Department of Corrections contends that the issue raised by appellant is moot since he is presently on parole. Appellant points out that this revocation is part of his record and could adversely affect any future hearings involving alleged

parole violations or pardon proceedings. The standard for finding that the issues involved in a criminal appeal are moot is very stringent. Where there remains a "possibility" that "adverse collateral legal consequences" will inure to the complaining party, the case is not moot. Sibron v. New York, 392 U. S. 40, 55, 88 S. Ct. 1889, 1899, 20 L. ed. 2d 917, 930 (1968) ; West v. Cunningham, 456 F. 2d 1264 (4 Cir. 1972); Hewett v. North Carolina, 415 F. 2d 1316 (4 Cir. 1969). See, also, Gagnon v. Scarpelli, 411 U. S. 778, 93 S. Ct. 1756, 36 L. ed. 2d 656 (1973). We hold that the issue raised in this appeal is not moot and quote with approval the language of the court in Hewett v. North Carolina, 415 F. 2d 1316, 1322:

"Petitioners argue additionally, and we agree, that in the event either of them has future difficulties with the law the sentencing judge would have broad discretion to take into account the prior criminal record of the accused. * * * Any judge who might be called upon to consider probation or sentence for future offenses for either of petitioners would be bound to be influenced by that petitioner's prior probationary experience."

■ The United States Supreme Court has recently held that parole revocation involves the cessation of significant values within the protection of the due process clause of the Fourteenth Amendment and requires an informal hearing to give assurance that the finding of a parole violation is based on verified facts. Morrissey v. Brewer, 408 U. S. 471, 92 S. Ct. 2593, 33 L. ed. 2d 484 (1972).

The trial court determined that a work release under the provisions of Minn. St. 241.26 does not constitute a parole under the provisions of Minn. St. 243.05. There is no memorandum accompanying the trial court's order, but we presume that this distinction was the basis for the lower court's refusal to apply the standards of Morrissey to the facts here involved. This issue was briefed by both parties. However, during oral argument, counsel for the Department of Corrections conceded that the distinction was invalid and that the Morrissey doctrine should apply to the

revocation of a work release. To avoid any confusion, we affirmatively hold that the doctrine of Morrissey applies to revocations under both the work-release provisions of § 241.26 and the parole provisions of § 243.05.

Counsel for the respondent during oral argument urged that we approve the procedures which the correction authorities have promulgated regarding revocation hearings. We decline to do this at this time and prefer to leave the implementation of these proceedings to the Department of Corrections.

The revocation of appellant's work release without hearing failed to comply with the requirements of due process and was improper. The matter is remanded to the trial court with instructions to enter judgment ordering the Department of Corrections to afford appellant a hearing on his alleged work-release violations, or, in the alternative, expunge the department's records.[1]

Reversed and remanded.

---

[1] If it should appear that witnesses on behalf of appellant have become unavailable or he is otherwise prejudiced by the delay, there may be a different issue of constitutional due process, in which case the commissioner of corrections should consider expungement of the department's records.