John Williams **ELZIE** and Philip Louis Gutterman, Appellants,

Steven Michael Gagnier, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY,** State of Minnesota, Respondent.

No. 50550.

Supreme Court of Minnesota.

July 3, 1980.

William Falvey, Ramsey County Public Defender, and Colia F. Ceisel, Asst. Public Defender, St. Paul, for Elzie and Gutterman.

Joanne M. Smith, Asst. Ramsey County Public Defender, St. Paul, for Gagnier.

Warren Spannaus, Atty. Gen., and Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard before SHERAN, C. J., TODD and WAHL, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This is an appeal from an order dismissing with prejudice plaintiffs' consolidated declaratory judgment action in response to a Rule 12.02 motion. Since allegations of constitutional error in the complaint preclude dismissal under Rule 12.02, we reverse and remand to permit plaintiffs to present their case.

The three declaratory judgment actions which are the subject of this appeal were brought to challenge the notice and hearing procedures of Minn.Stat. ch. 171 (1978) followed by the Commissioner of Public Safety when he suspends or cancels the driver's licenses of Minnesota citizens and to determine the effects of such allegedly defective suspensions and cancellations on their subsequent driving behavior.[1] In their complaints, the three plaintiffs, all of whom faced criminal prosecution for driving after suspension or cancellation,[2] alleged, among other things, that the rules guiding the Commissioner's suspension and cancellation practices were not adopted in accordance with the Administrative Procedure Act; that the use of the information regarding plaintiffs for other than accident prevention purposes violated their statutorily-protected privacy rights;[3] and that the procedures followed, because they did not provide for notice and an opportunity to be heard, violated plaintiffs' constitutionally-protected due process rights as well as their statutory rights under the Administrative Procedure Act, Minn.Stat. § 15.0418 (1978).

Prior to filing its answer, defendant moved in the alternative for dismissal of the complaint under Minn.R.Civ.P. 12.02[4] or for consolidation of the matters for hearing. After an informal hearing on this motion in chambers without a verbatim record of the proceedings, the cases were consolidated and then dismissed with prejudice. The grounds recited for dismissal were that plaintiffs had failed to state a claim on which relief could be granted because the allegations of lack of due process and of illegal acts by the Commissioner were "bare allegations wholly without substance" and because two of the cases were moot and that the court lacked subject matter jurisdiction because Minn.Stat. § 171.19 (1978)[5]

1. The fact situations of the three plaintiffs are somewhat different. Two had their licenses suspended for failure to comply with the reporting provisions of the No-Fault Insurance Act, Minn.Stat. ch. 65B (1978), after being involved in traffic accidents. They were later charged with "Driving After Suspension," although their licenses were returned to them prior to the commencement of these declaratory judgment actions. Gutterman, the third plaintiff, had his license cancelled for failure to prove that he completed a Driver Improvement Clinic as recommended by the court after he was convicted of a speeding violation. He was later charged with "Driving After Cancellation." Since he failed to furnish proof of completion of the Clinic, he held no valid driver's license when this declaratory judgment action was commenced.

2. Minn.Stat. § 171.24 (1978) makes anyone driving while his license is cancelled, suspended or revoked guilty of a misdemeanor.

3. Gutterman did not claim a violation of this Act since no allegedly private or confidential information was ever used against him in cancelling his driver's license.

4. Rule 12.02 reads in pertinent part as follows: Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim upon which relief can be granted; and (6) failure to join a party under Rule 19.

5. Minn.Stat. § 171.19 (1978) reads in pertinent part as follows:
 Any person whose driver's license has been refused, revoked, suspended, or canceled by the commissioner may file a petition for a hearing in the matter in the district court in the county wherein such person shall reside and, in the case of a non-resident, in the district court in any county, and such court is hereby vested with jurisdiction, and it shall be its duty, to set the matter for hearing upon 15 days' written notice to the commissioner, and thereupon to take testimony and examine into the facts of the case to determine whether the petitioner is entitled to a license or is subject to revocation, suspension, cancelation, or refusal of license, under the provisions of this chapter, and shall render

provides the exclusive forum in which to challenge the Commissioner's orders.

 In reviewing cases dismissed for failure to state a claim on which relief can be granted, "[t]he only question before us is whether the complaint sets forth a *legally sufficient* claim for relief. It is immaterial to our consideration here whether or not the plaintiff can prove the facts alleged." *Royal Realty Co. v. Levin*, 244 Minn. 288, 290, 69 N.W.2d 667, 670 (1955) (emphasis supplied). The limited function served by such a motion to dismiss was reiterated in *Northern States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963):

> A claim is sufficient against a motion to dismiss based on Rule 12.02(5) if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded. To state it another way, under this rule a pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded.

When the complaint alleges constitutional errors, a Rule 12.02 motion should be even more sparingly granted to ensure that our courts remain open to protect our citizens against possible governmental overreaching. Under well-settled principles of law, allegations of constitutional infirmities deserve a judicial forum. *See, e.g., Abbariao v. Hamline Univ. School of Law*, 258 N.W.2d 108 (Minn.1977).

 Here, plaintiffs raised serious due process questions regarding driver license suspension and cancellation procedures in a context that has never been explicitly discussed by the United States Supreme

Court.[6] Even assuming *arguendo* that only post-suspension hearings are constitutionally required under circumstances such as these, because of the way these cases reached us, it is impossible to tell whether the Commissioner uniformly notifies those whose licenses are confiscated of the existence of post-suspension administrative hearings. Minn.Stat. § 171.19 (1978) does provide for such review, but the question is whether persons are *informed* of this right. Failure to so notify all three plaintiffs is alleged in the complaints and this, according to our past cases, is sufficient to withstand a Rule 12.02 motion for dismissal.

 We are also convinced that the fact that the original license suspensions have ended does not render these cases moot.[7] Despite the expiration of the challenged order, a court will find a continuing controversy whenever there is a possibility of adverse collateral legal consequences, *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1967); *State v. Goodrich*, 256 N.W.2d 506, 512 (Minn.1977) [quoting from *State ex rel. Djonne v. Schoen*, 299 Minn. 131, 133, 217 N.W.2d 508, 510 (1974)], and when the issues are capable of repetition but likely to evade review. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Klaus v. Minnesota State Ethics Comm.*, 309 Minn. 430, 434, 244 N.W.2d 672, 675 (1976).

 The basis for the trial court's conclusion that it lacked subject matter jurisdiction was our decision in *State v. Cook*, 275 Minn. 571, 148 N.W.2d 368 (1967). In *Cook*, however, we merely stated the rule that, as long as the Commissioner had subject matter and personal jurisdiction over the defendant, the defendant would have to avail

---

judgment accordingly. * * * In the event the department shall be sustained in these proceedings, the petitioner shall have no further right to make further petition to any court for the purpose of obtaining a driver's license until after the expiration of one year after the date of such hearing.

6. *See Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977); *Mackey v. Montrym*, 443 U.S. 1, 99 S.Ct. 2612,

61 L.Ed.2d 321 (1979). *See also* Brandt, *Due Process and Driver Licensing Suspension Hearings: What do the States do after Love?*, 31 Ad.L.Rev. 223 (1979).

7. The issues with regard to Gutterman, the third plaintiff, are not moot. Since he has not received back his cancelled license, there still exists a live controversy between him and the Commissioner of Public Safety.

himself of the administrative procedures delineated in Minn.Stat. § 171.19 (1978) and could not collaterally attack his previous suspension on appeal from a conviction for driving without a valid license. In their complaints, the plaintiffs allege that the Commissioner *did not have* jurisdiction over either them or the subject matter because he committed constitutional violations and the rules under which he acted were formulated in a manner contrary to law. Since the court is required to accept as true the allegations in the complaint when ruling on a Rule 12.02 motion, *Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292 (1969), for purposes of disposition of this issue on appeal, we must assume the truth of appellants' allegation that the Commissioner lacked subject matter jurisdiction.

In reversing and remanding to permit the plaintiffs to present their case, we in no way pass judgment on the validity of their complaints. We merely hold that the trial court acted prematurely in dismissing them with prejudice. When constitutional violations are alleged, the defendant must demonstrate the *complete* frivolity of the complaint before dismissal under Rule 12.02 is proper.

Reversed and remanded for trial.