527 N.W.2d 119 (1995)
Richard KEDZIOR, on behalf of himself and all others similarly situated, by Ruth Seelen, his successor, Appellants,
v.
NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION, f/k/a Norwest Bank, Minneapolis, National Association, et al., Respondents.
No. C2-94-1662.
Court of Appeals of Minnesota.
January 31, 1995.
Review Denied March 29, 1995.
*120 William H. Crowder, Susan Ford Bedor, Vildan A. Teske, Crowder & Bedor, St. Paul, Seymour J. Mansfield, Richard J. Fuller, Mansfield & Tanick, P.A., Minneapolis, MN, for appellants.
James L. Volling, Charles F. Webber, John Edward Connelly, Faegre & Benson, Minneapolis, for respondents.
Considered and decided by KALITOWSKI, P.J., and PARKER, and HARTEN, JJ.

OPINION
KALITOWSKI, Presiding Judge.
Appellant Ruth Seelen, on behalf of Richard Kedzior, seeks review of the district court's judgment granting respondent's motion to dismiss for failure to state a claim. Appellants contend the district court erred in construing the term "collect" in Minn.Stat. § 168.74 (1990) of the Motor Vehicle Retail Installment Sales Act (MVRISA), as requiring actual receipt of an excessive deferral fee to constitute a violation under the statute.

FACTS
In 1987, Richard Kedzior entered into a motor vehicle retail installment contract with the Bloomington Chrysler Plymouth Company for the purchase of a Chrysler LeBaron. This contract was to be assigned to respondent Norwest Bank. The installment contract called for 60 payments at $313.93 including a $4,424.92 finance charge, totalling a contract price of $18,835.80. In 1990, respondent granted Kedzior's request for a two-month deferral in the payment of his remaining 24 installments, and charged him a $143.00 deferral fee. The deferral refinancing agreement stated that the deferral charge could be "added to balance of loan" and "can be paid end of contract."
When Kedzior failed to make the payments on his installment contract, respondent filed a complaint against him seeking possession of the motor vehicle. After Kedzior failed to timely answer respondent's complaint, the district court entered a default judgment in favor of respondent. This judgment was later vacated because the district court found respondent failed to properly serve the complaint upon Kedzior.
Kedzior filed a complaint against respondent, which he amended twice, such that it eventually alleged respondent violated Minn. Stat. § 168.74 when it computed Kedzior's deferral charge at $143.00. Respondent has admitted that the fee it charged is $14.17 more than the amount authorized by Minn. Stat. § 168.74. It is undisputed that the fee did not violate the usury provisions of MVRISA.
Kedzior's complaint stated that he was bringing a class action consisting of all buyers of motor vehicles who had had "illegal additional charges in excess of that authorized by Minn.Stat. § 168.74" imposed on them by respondent. Respondent's original claim against Kedzior seeking possession of the motor vehicle was consolidated with this claim. In January of 1993 Kedzior died. The district court granted appellant Ruth Seelen, Kedzior's daughter, authorization to act as Kedzior's personal representative and to succeed him in this cause of action.
The district court granted respondent's motion to dismiss for failure to state a claim, concluding respondent had extended a payment schedule and attempted to charge, but never actually collected, "a fee in excess of *121 that permitted by Minn.Stat. § 168.74." The district court later dismissed respondent's counterclaim without prejudice.

ISSUE
Did the district court err in concluding the term "collect" in Minn.Stat. § 168.74 requires the actual receipt of an excessive deferral fee to constitute a violation under the statute?

ANALYSIS
Appellants contend the district court erred in concluding the term "collect" in Minn.Stat. § 168.74 (1990) requires actual receipt of the excessive deferral fee for a violation under the statute. We disagree.
In reviewing cases dismissed for failure to state a claim on which relief can be granted, the only question before the reviewing court is whether the complaint sets forth a legally sufficient claim for relief. Elzie v. Comm'r of Pub. Safety, 298 N.W.2d 29, 32 (Minn.1980) (quoting Royal Realty Co. v. Levin, 244 Minn. 288, 290, 69 N.W.2d 667, 670 (1955)). The construction of a statute is clearly a question of law and is subject to de novo review on appeal. Kronebusch v. MVBA Harvestore Sys., 488 N.W.2d 490, 494, pet. for rev. denied (Minn. Oct. 20, 1992).
Absent ambiguity in the words of a law, the letter of the law shall not be disregarded under the pretext of pursuing the spirit. Minn.Stat. § 645.16 (1992). Minn. Stat. § 168.74 governs the extension of schedules and payments on contracts and states:
The holder of a precomputed retail installment contract may, upon written agreement with the retail buyer, extend the scheduled due date, or defer the scheduled payment of all or part of any installment payment or payments, or renew the balance of such contract. In any such case the holder may restate the amount of the installments and the time schedule therefor, and collect as a refinance charge for such extension, deferment or renewal, a flat service fee not to exceed $5 and a total additional charge not exceeding the simple interest annual percentage rate under the original retail installment contract calculated on the respective descending balances computed from the date of such extension, deferment or renewal.
(Emphasis added.) The plain language of Minn.Stat. § 168.74 sets the limit that respondent can "collect" as a deferral fee. Minn.Stat. § 645.08(1) (1992) mandates that words and phrases be construed "according to their common and approved usage." Black's Law Dictionary defines the word "collect" as:
To gather together; to bring scattered things (assets, accounts, articles of property) into one mass or fund; to assemble. To receive payment. To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings.
Black's Law Dictionary 238 (5th ed. 1979).
Appellants argue for a more expansive definition of the word "collect" that would include "contracting for" or "reserving" payment. We note, however, that the legislature used broader language in describing prohibited conduct in another section of MVRISA. See Minn.Stat. § 168.72, subd. 1(c) (1990) ("no fee, commission, expense * * * may be taken, received, reserved or contracted for"). Because the legislature used this more expansive language in Minn.Stat. § 168.72, but used only the term "collect" in Minn.Stat. § 168.74, we will not infer a broader definition of "collect." See State v. Bolsinger, 221 Minn. 154, 21 N.W.2d 480, 486-87 (1946) ("the distinctions made in different statutes as manifested by the difference of terminology used should be observed").
In its order dismissing appellants' claim, the district court stated:
[I]t is agreed that Norwest extended the payment schedule and attempted to charge, but did not collect from Kedzior, a fee in excess of that permitted by Minn. Stat. § 168.74.
The district court then found Kedzior failed to state a claim where "usury is not present, and * * * Plaintiff was merely charged, but did not pay the excessive extension fee." Based on our reading of the plain language of Minn.Stat. § 168.74, we affirm the district court's interpretation of the statute.
*122 Finally, because we affirm the district court's conclusion that under these facts respondent did not violate Minn.Stat. § 168.74, we do not address respondent's additional argument that the remedy provisions in Minn.Stat. § 168.75 that appellants are attempting to invoke, are, by their plain language, inapplicable to a violation of Minn. Stat. § 168.74.

DECISION
The district court did not err in dismissing appellants' claim where it found no violation of Minn.Stat. § 168.74 because appellants did not pay and respondent did not collect an excessive deferral fee.
Affirmed.
PARKER, Judge (dissenting).
I respectfully dissent because, by what I believe to be an unnecessarily narrow construction of the word "collect," this court affirms a statutory construction which allows lender violation of the MVRISA with apparent impunity.
The deferral agreement tacks the excessive charge on the end of the installment sales payment schedule. The statutory construction adopted requires that the lender receive the allegedly excessive charge before the debtor has a cause of action under Minn. Stat. § 168.74; section 168.75, subd. (b), sets the remedy for an intentional violation as "an amount as liquid damages, the whole of the contract due and payable" plus attorney fees. But, of course, if the extension fee has been the last amount paid, there is nothing "due and payable" and the remedy section is chimerical. This construction places the debtor in a literal "catch 22" position, because he has no cause of action until he has paid the overcharge and, since the lender has scheduled this to be paid last, when he pays it he has no cause of action because he then has no damages.
A statutory construction harmonizing sections 168.72, subd. 1(c), and 168.74 would afford a broader definition of the term "collect" and avoid this apparently absurd result. See Minn.Stat. § 645.17(1) (1992). The corollary is that we are rewarding what might be sharp practice in commerce, i.e., lenders' intentional violation of the statute perceived as an acceptable business risk, thus rendering the Act ineffectual. As the supreme court said (quoting Fosseen, J.) in O'Brien v. Phillips Motors Excelsior, Inc., 288 Minn. 183, 187, 179 N.W.2d 158, 161 (1970):
Only a law providing for penalties in failure to furnish the buyer of an automobile with a copy of the installment contract would compel compliance. To require a showing of wilfullness or damages in order to authorize a recovery would invite noncompliance on the part of the seller. Many automobile dealers would consider it a good business risk to withhold the contract, rendering the act ineffectual.
I would reverse.