Anissa Maria GUZMAN, a minor, by Rebecca Z. LOSOYA, her guardian, Appellant,

Alicia Rose Losoya, Appellant,

v.

U S WEST, INC., a Delaware corporation, Respondent,

Brian J. Anderson, Defendant,

v.

Lindsay Meredith Mailer, et al., Third Party Defendants.

No. C9–03–310.

Court of Appeals of Minnesota.

Aug. 19, 2003.

Robert A. Awsumb, R.A. Awsumb & Associates, PLC, St. Paul, MN, for appellant Guzman.

Mark W. Malzahn, Malzahn & Associates, Ltd., Anoka, MN, for appellant Alicia Losoya.

Sarah L. Brew, Greene Espel, P.L.L.P., and Jon P. Parrington, Pustorino, Tilton, Parrington & Lindquist, PLLC, Minneapolis, MN, for respondent.

Considered and decided by ANDERSON, Presiding Judge, WILLIS, Judge, and HUDSON, Judge.

## OPINION

ANDERSON, Judge.

Appellants Anissa Guzman, by her guardian Rebecca Z. Losoya, and her mother, Alicia Losoya, brought a personal injury action against respondent U S West, Inc.[1] and its employee for injuries suffered by Anissa. The state provided medical assistance to Anissa; and as a condition for receipt of the assistance, Anissa's mother assigned all of Anissa's "rights to medical support and third party payments" as a condition of her eligibility for medical assistance. The state filed a medical-assistance lien and later settled all its claims against U S West. Appellants then settled their remaining claims against U S West, except their claim for future medical expenses. The district court granted U S West's motion to dismiss on this remaining claim. It ruled that as a condition of receiving medical assistance, appellants had assigned their claims for all medical expenses, including future medical expenses, to the state, which then extinguished those claims by settling with U S West. Appellants argue that the district court erred as a matter of law because appellants did not assign to the state the

right to recover future medical expenses. We affirm.

## FACTS

On May 26, 2000, appellant Anissa Guzman, age seven, was struck and injured by a motor vehicle while trying to cross the street from behind an illegally parked U S West truck. She and her mother sued U S West and the driver of the truck. Anissa suffered permanent injuries, including brain damage. Experts predicted that the lifetime cost of her care would be in excess of $5.7 million, with the present value of her future medical needs estimated at more than $3.5 million.

Anissa did not have medical insurance at the time of the accident and her mother was unable to pay her medical expenses. Her mother applied for and obtained medical assistance from the state and, as a condition of eligibility, assigned to the state "any rights to medical support and third party payments." Minn.Stat. § 256B.056, subd. 6 (2002). The state filed a medical-assistance lien on any cause of action arising out of the accident. As of March 28, 2002, the state had made medical payments on behalf of Anissa in the amount of $328,680.49.

On April 2, 2002, the state settled with U S West for the sum of $315,000. The letter from the state to U S West confirming this settlement stated:

This will confirm that Qwest Corporation, formerly known as U S West, has settled all claims/interests, past, present and future, of the State of Minnesota (including, but not limited to, the Department of Human Services) with regard to the above-referenced matter for the sum of $315,000. It is also agreed that upon receipt of the check the State

1. *U S West is now Qwest Corporation.*

of Minnesota, through its authorized representative, will sign an unqualified general release of U S West/Qwest for all claims, past, present and future, known and unknown.

Appellants were neither contacted nor asked to consent to this settlement. Appellants then reached a separate settlement with U S West for their remaining claims arising from the accident, except the claim for future medical expenses.

U S West moved to dismiss appellants' remaining claim for future medical expenses. The district court ruled that Anissa's mother had assigned the right to claims for all medical expenses, including future medical expenses, recoverable from third parties, to the state. The district court held that the state extinguished its claim for all future medical expenses against U S West when it settled with U S West. Consequently, it granted respondent's motion to dismiss appellants' claim for future medical expenses. This appeal followed.

### ISSUE

Did appellants assign their claim for future medical expenses to the state as a condition of eligibility for medical assistance?

### ANALYSIS

■ On an appeal from a judgment dismissing a claim, this court will review whether there was a legally sufficient claim for relief. *Elzie v. Comm'r of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980). Application of law to undisputed facts is considered de novo by the appellate courts. *A.J. Chromy Constr. Co. v. Commercial Mech. Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977). The appellate court also reviews issues of statutory construction de novo. *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000).

■ We engage in statutory interpretation "to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2002). "If the statutory language is plain and unambiguous, the court must give it its plain meaning." *In re Welfare of J.M.*, 574 N.W.2d 717, 721 (Minn.1998) (citation omitted). If ambiguous, the intention may be ascertained by considering various factors. Minn.Stat. § 645.16.

Medicaid, which is jointly funded by the state and federal government, was meant "to ensure medical care to certain individuals who lack the resources to cover the costs of essential medical services." *Martin v. City of Rochester*, 642 N.W.2d 1, 9 (Minn.2002) (citations omitted), *cert. denied*, —— U.S. ——, 123 S.Ct. 2668, 156 L.Ed.2d 655 (2003). "Each state administers its own program within federally mandated requirements." *Id.* (citation omitted). As a condition of eligibility, under federal law, recipients must "assign to the State any rights * * * to support and to payment for medical care from any third party." 42 U.S.C. § 1396k(a)(1)(A) (2000). Accordingly, the state requires the recipient to assign to it "all rights the person may have to medical support or payments for medical expenses from any other person or entity * * *." Minn.Stat. § 256B.056, subd. 6 (2002).

It is undisputed that appellants assigned their rights to recover on claims they had against third parties for medical expenses paid by the state. At issue here is whether this assignment included appellants' rights to recover future medical expenses which, because Anissa has not yet incurred them, the state had not yet paid, or whether the assignment was limited to medical payments accrued by the state at the time of settlement. The state, which had paid $328,680.49 in medical expenses for Anissa

at the time of the settlement, settled with U S West for $315,000. Anissa's future medical expenses are estimated to exceed $5 million.

The Minnesota Supreme Court recently extensively reviewed Minnesota's Medicaid-lien provisions, addressing "whether Minnesota's medical assistance lien, assignments, and subrogation statutes are preempted by the federal anti-lien statute." *Martin*, 642 N.W.2d at 8–9. The supreme court held, in relevant part, that the state may obtain

> an assignment of the recipient's right to recover for medical expenses against all third parties that are potentially liable for the injuries that necessitated medical assistance.

*Id.* at 19. This assignment is limited to "payments for medical or health care expenses." *Id.* at 12–13. The recipient retains the right to claims for other losses, such as pain and suffering, and loss of earning capacity. *Id.* at 15.

In analyzing the issues, the supreme court likened the recipient's potential right to recover from the liable parties in a tort action to a "bundle of sticks." *Id.* at 14–15. To become eligible to receive medical assistance, the recipient must assign to the state "one stick from that bundle—the specific claim to recover medical expenses from those responsible for the injuries." *Id.* at 15. The state then becomes sole owner of that claim, while the recipient retains the right to proceed on the other claims in the tort action. *Martin*, 642 N.W.2d at 15. In the process of interpreting the assignment statute to be consistent with federal law, the court held

> that when a medical assistance recipient has a cause or causes of action against potentially liable third parties for his injuries, the medical assistance assignment statute grants to the state *an assignment right to all claims for medical*

*care*, but it does not grant an assignment right to any other claims or the recovery therefrom.

*Id.* at 19 (emphasis added). *Martin* does not distinguish between the claim for past and future medical expenses, and specifically refers to "all claims for medical care." *Id.*

This court also touched on these issues in *Brown v. State*, 617 N.W.2d 421 (Minn. App.2000), *review denied* (Minn. Nov. 21, 2000), *cert. denied*, 532 U.S. 995, 121 S.Ct. 1655, 149 L.Ed.2d 638 (2001). There, we addressed whether medical assistance recipients could recoup funds from the state's tobacco settlements, based on the formulae used to allocate funds recovered from third parties. *Id.* at 423. This court rejected the claim, stating that "subsequent to the assignment, the legal right to recover the medical expenses paid by the state from third parties belonged solely to the state." *Id.* at 426. Again, as in *Martin*, while the issue of past-versus-future medical benefits was not explicitly addressed, the Brown court gave no indication that past and future benefits can or should be considered separately.

 Appellants, however, cite language in the state and federal statutes that refers to the state's right to recovery from third parties of payments it has made on behalf of the recipient. They contend that the state is not assigned the right to future expenses it had not yet paid. *See* 42 U.S.C. § 1396a(a)(25)(H) (2000) (referring to the state acquiring rights to payment by other party for health-care items or expenses to "the extent that payment has been made"). Similarly, the statutory language of the assignment statute, Minn. Stat. § 256B.056, subd. 6 (2002), provides as follows:

> To be eligible for medical assistance a person must have applied or must agree

to apply *all proceeds received or receivable* by the person or the person's spouse from any third person liable for the costs of medical care for the person, the spouse, and children. The state agency shall require from any applicant or recipient of medical assistance the assignment of any rights to medical support and third-party payments. * * * By signing an application for medical assistance, a person assigns to the Department of Human Services all rights the person may have to medical support or payments for medical expenses from any other person or entity * * *. Any rights or amounts so assigned shall be applied *against the costs of medical care paid for* under this chapter. Any assignment takes effect upon the determination that the applicant is eligible for medical assistance * * *.

*Id.* (emphasis added). The district court concluded that the statutory language referring to "all proceeds received or receivable by the person" established that future medical benefits were assigned. We agree with the court's reasoning that because, at the time of the application for medical assistance, little or no medical care had been provided, the assignment could only apply to future medical expenses.

Appellants further note that federal law also requires that any amounts collected that exceed the amounts actually paid must be returned to the individual. 42 U.S.C. § 1396k(b) (2000). We agree that if the amount collected from third parties by the state had exceeded the amount expended, any such remainder would have to be returned to the appellants under this statute. But that rule does not contradict the result reached here.

■ Appellants argue persuasively that requiring an assignment of future benefits is inequitable and unfair. Among other problems, at least based on the record before this court, such an assignment may not resolve how this tragically injured child will receive medical care should she need to move from Minnesota. And there is nothing immutable about either the existence of Medicaid or other governmental health care programs or a recipient's eligibility for those benefits. But we are not empowered to overrule or disregard a legislative enactment simply because it is unfair or inequitable. The remedy, if any is to be had, lies in the hands of elected legislative representatives, not this court.

Appellants also raise several constitutional claims, which do not merit discussion.

### DECISION

The district court correctly interpreted the law to hold that appellants, as a condition of eligibility for medical assistance, assigned to the state all rights to recovery for medical expenses, including future medical expenses. The state's settlement with U S West extinguished appellants' rights to pursue a claim for future medical expenses. The district court properly dismissed that claim.

**Affirmed.**