**In the Matter of INSPECTION OF MINNESOTA AUTO SPECIALTIES, INC. and its facility located at 2538 Hennepin Avenue South Minneapolis, Hennepin County, Minnesota 55405, and Mr. Gary Kohn, its President.**

No. C3–83–119.

Supreme Court of Minnesota.

April 13, 1984.

Bruce C. Douglas, Edina, for appellant.

Hubert H. Humphrey, III, Atty. Gen., H. Theodore Grindal, Sp. Asst. Atty. Gen., St. Paul, for respondent.

COYNE, Justice.

Minnesota Auto Specialties, Inc., appeals from an order of the Hennepin County District Court authorizing an inspection of the appellant's premises pursuant to the Minnesota Occupational Safety and Health Act. The case is moot; we dismiss.

After an agent of the Minnesota Occupational Safety and Health Division of the Department of Labor had been denied entry to the Auto Specialties' premises, the district court issued its order, pursuant to Minn.Stat. § 182.659, subd. 6 (1982), authorizing the MOSHA inspection. The district court based its determination that there was probable cause for inspection on the division's established administrative plan for scheduling inspections. The plan, designed to identify and select employers for inspection on a "first-worst" basis, was derived from neutral sources such as information compiled by the Workers' Compensation Insurance Rating Association of Minnesota and was patterned after the federal OSHA plan.

The inspection resulted in the issuance of a citation for two non-serious regulatory violations relating to the maintenance of records of occupational injuries and illnesses. 8 MCAR §§ 1.7292(A) and 1.7294 (1982). Auto Specialties filed a notice of contest of the citation, but the contest was dismissed on February 15, 1983, for non-compliance with the Rules of Procedure for Practice before the Minnesota Occupational Safety and Health Review Commission. Following denial of its petition for reinstatement, Auto Specialties took no further action with respect to the citation.

Auto Specialties challenges the district court's finding of probable cause on the ground that it is based on an "administrative plan" which is invalid because it was not promulgated according to the rulemaking procedures of the Minnesota Administrative Procedure Act. Minn.Stat. §§ 14.01–14.70 (1982).[1] Auto Specialties requests reversal of the order authorizing inspection and suppression of any evidence obtained through the inspection in any judicial or administrative proceeding.

The admissibility of the evidence on which the citation was based is, however, not before us. The appellant failed to perfect its contest of the citation, and the citation has long since become final and is no longer subject to review by any court or agency. Minn.Stat. § 182.661, subd. 1 (1982).

It is well established that this court will hear only live controversies and will not pass on the merits of a particular question merely for the purpose of setting precedent. If, pending an appeal, an event occurs which makes a decision on the merits unnecessary or an award of effective relief impossible, the appeal will be dismissed as moot. *Sprenger v. Jacobs,* 305 N.W.2d 747 (Minn.1981); *In re Consolidation of Glendale with Savage,* 288 Minn. 340, 180 N.W.2d 925 (1970).

Although we agree with Auto Specialties that the mere fact that the inspection has been made does not moot the question of the adequacy of the basis for the inspection order, suppression of the evidence procured during the inspection would in this case be a futile gesture. The finality of the citation precludes effective relief and renders the appeal moot.

Appeal dismissed.

---

1. While Auto Specialties contends the "Administrative Plan" was an invalid agency rule, it does not claim that it did not provide a sufficient basis for the district court to find probable cause. Thus, any question concerning Auto Specialties' fourth amendment right to overturn the order and ensuing citation is not involved.