COUNTY OF HENNEPIN,
petitioner, Appellant,

v.

CIVIL RIGHTS COMMISSION OF the
CITY OF MINNEAPOLIS, et al.,
Respondents.

No. C6–84–268.

Court of Appeals of Minnesota.

Oct. 2, 1984.

Thomas Johnson, County Atty., Robert T. Rudy, Asst. County Atty., Minneapolis, for appellant.

Allen B. Hyatt, Asst. City Atty., Nancy Zalusky Berg, Minneapolis, for respondent Stanek.

Heard, considered, and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

Hennepin County appeals from a district court order dismissing its petition for review for lack of jurisdiction. The district court determined that, because of recent statutory changes, it did not have jurisdiction to hear appeals made pursuant to the Minnesota Administrative Procedure Act. Hennepin County contends that a final decision of the Minneapolis Civil Rights Commission cannot be appealed pursuant to the Administrative Procedure Act, and thus the district court, rather than this court, has jurisdiction to hear an appeal. We affirm.

## FACTS

Stephanie Stanek filed a complaint against her employer, the Hennepin County Juvenile Detention Center (Hennepin County), alleging discrimination on the basis of sex. The complaint was filed with the Minneapolis Department of Civil Rights, and a hearing was held before a panel of the Minneapolis Civil Rights Commission. The panel found that Hennepin County had engaged in a discriminatory employment practice, and issued a cease and desist order. The order was sent to the parties with a letter notifying them of their right to appeal the decision to the district court. Hennepin County then petitioned the district court to grant an appeal under § 14.64 of the Minnesota Administrative Procedure Act.

The district court held that appeals under the Administrative Procedure Act must be brought to this court, rather than the district court, and dismissed the petition for review for lack of jurisdiction. Hennepin County appeals the dismissal, contending that review cannot be made under the Administrative Procedure Act and jurisdiction remains in the district court.

## ISSUE

Does the district court have jurisdiction to hear an appeal from a final decision of the Minneapolis Civil Rights Commission?

## ANALYSIS

The question raised by this appeal is whether a decision of the Minneapolis Civil Rights Commission is reviewed by the district court or the Court of Appeals.

The Minneapolis Code of Ordinances provides for judicial review of decisions made by the Civil Rights Commission:

Any person aggrieved by a final decision of a hearing committee or a review committee in a contested case, may seek judicial review in the district court as provided in Chapter 15 of Minnesota Statutes, the Administrative Procedure Act, and the district court shall review the decision in conformance with the provisions of this title.

Minneapolis, Minn., Code of Ordinances, § 141.60(b) (1976 & Supp. No. 6, 6–82). The Administrative Procedure Act, formerly Chapter 15 of the Minnesota Statutes, has been renumbered and is now found at Minn.Stat. §§ 14.01–.70 (1982 & Supp.1983).

Hennepin County appealed the Commission's decision to the district court under the judicial review provisions of the Minnesota APA, as directed by the ordinance. Prior to 1983, section 14.63 of the APA provided, in part, that "[a]ny person aggrieved by a final decision in a contested case is entitled to judicial review" and that a petition for judicial review "must be filed with the district court." Minn.Stat. § 14.63 (1982). However, effective August 1, 1983, appeals from contested cases under the APA are to be heard by this court, not the district court. *See,* 1983 Minn.Laws, ch. 247, § 9 (amending Minn.Stat. § 14.63 (1982)).

Although Hennepin County initially appealed the Commissioner's decision under the APA, it now contends that jurisdiction

of this court under the APA is limited to review of decisions made by statewide agencies. Further, it contends that since the Minneapolis Civil Rights Commission is an agency of a local government, appeal to the district court in this matter is proper.

We agree that by its own terms the APA provides only for review of decisions of agencies with statewide jurisdiction, and does not provide for review of local agency decisions. *See* Minn.Stat. § 14.02, subd. 2 and 3 (1982); *In Re Petition of Minneapolis Area Development Corp.*, 269 Minn. 157, 131 N.W.2d 29 (1964). However, other statutes may confer authority for review under the APA. Such is the case here.

A 1975 special law provides that the Minnesota City Council may, by ordinance, grant to its civil rights commission "any and all powers * * * which are granted by Minnesota Statutes 1974, Chapter 363 [the Minnesota Human Rights Act] * * *." 1975 Minn.Law, ch. 82, § 1 (not codified). The Human Rights Act provides, in part, that any person aggrieved by a final decision after a hearing held pursuant to § 363.071 may seek judicial review in accordance with Chapter 14. Minn.Stat. § 363.072, subd. 1 (Supp.1983). Subdivision 2 provides that judicial review proceedings shall be in accordance with Chapter 14. Minn.Stat. § 363.072, subd. 2. (Supp. 1983). With regard to appeals, the 1983 provisions of the Human Rights Act are essentially the same as they were in 1974. Since the Human Rights Act requires that review be taken in accordance with Chapter 14 (the APA), the Minneapolis City Council, under the authority provided by 1975 Minn. Laws, ch. 82, § 1 (not codified), could properly adopt an ordinance which adopts the judicial review procedures provided by the APA. Appeals under the APA are to be heard by this court, not the district court. Thus an appeal from a final decision of the Minneapolis Civil Rights Commission must be heard by this court.

In making this determination, we are mindful that the Minneapolis City Council chose a method of hearing which is different from that required in Minn.Stat. § 363.072, subd. 1. However, we hold that the difference in hearing methods does not determine the forum to which appeals must be brought. Our interpretation of these statutes is consistent with the interpretation made in *Fisher Nut Co. v. Lewis ex rel. Garcia*, 320 N.W.2d 731, 734 (Minn. 1982).

### DECISION

Effective August 1, 1983, appeals under the Administrative Procedure Act are to be heard by this court. Hennepin County filed for review on October 27, 1983. Therefore, the petition for review should have been filed with this court.

Affirmed.