Victor Boyd NELSON, et al.,
Respondents,

v.

## PRODUCTION CREDIT ASSOCIATION OF WORTHINGTON, Appellant.

No. C6-85-1205.

Court of Appeals of Minnesota.

March 11, 1986.

Terry W. Viesselman, Lloyd S. Myster, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, P.A., Fairmont, for respondents.

Charles Thomas Wilson, Gislason, Dosland, Hunter & Malecki, New Ulm, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Production Credit Association of Worthington (PCA) appeals a trial court injunction that ordered the PCA to execute an agreement subordinating its lien on the 1985 crop of respondents Victor and Pearl Nelson to the Farmers Home Administration (FHA). The subordination enabled the Nelsons to obtain a loan from the FHA. We find the case moot and dismiss the appeal.

## FACTS

For several years, the Nelsons obtained credit from the PCA to finance their farming operation. Each year when their debt came due, the Nelsons and the PCA would execute a new note that included any unpaid principal and interest from the previous year and provided credit for their operating expenses. In 1985, the PCA refused to grant the Nelsons the $85,000 operating loan that they requested.

Despite the PCA's refusal to extend further credit to the Nelsons, it still had a valid lien on the Nelsons' property in the amount of their indebtedness to the PCA. This lien included the Nelsons' 1985 crop.

After the PCA's refusal, the Nelsons applied to the FHA for an $85,000 operating loan. The FHA agreed to grant the loan

on the condition that the PCA subordinate its lien on the Nelsons' 1985 crop to the FHA. The PCA refused to subordinate its lien.

The Nelsons commenced this action in order to compel the PCA to subordinate its lien or, in the alternative, to compel it to renew their debt and grant them an $85,000 operating loan. The trial court issued an injunction requiring the PCA to execute an agreement subordinating its lien on the 1985 crop to enable the Nelsons to obtain the FHA loan. The PCA was required to execute the necessary documents within ten days after filing of the court's injunction. This appeal followed.

The Nelsons did not file a brief on this appeal. Thus, the appeal has proceeded pursuant to Minn.R.Civ.App. P. 142.03.

On December 20, 1985, this court contacted both counsel by mail and requested a supplemental statement of the facts detailing the events that occurred following entry of the injunction. In addition, we asked each party to submit a letter brief on the issue of mootness.

Counsel submitted a joint statement describing the events that occurred after entry of the injunction. The joint statement indicated that, pursuant to the court's order, the PCA executed a subordination agreement with the FHA. The FHA subsequently granted the Nelsons an $85,000 operating loan and disbursed $42,000 of the loan for the 1985 crop input. The remainder of the loan has not been disbursed. The Nelsons planted and harvested the 1985 crop. When the parties' counsel submitted their joint statement, the receipts from the crop were available to apply to the FHA loan, and the Nelsons and the FHA were scheduled to meet regarding the loan.

## ISSUE

Is this appeal moot?

## ANALYSIS

■ When an appeal is pending, if an event occurs that makes a decision on the merits unnecessary or an award of effective relief impossible, the appeal should be dismissed as moot. *In re Inspection of Minnesota Auto Specialties, Inc.*, 346 N.W.2d 657, 658 (Minn.1984). In *Auto Specialties*, the appellant challenged an order authorizing a Minnesota OSHA inspection and sought suppression of any evidence obtained through the inspection. The supreme court determined that "suppression of the evidence procured during the inspection would * * * be a futile gesture," because the citation resulting from the inspection was final. *Id.* at 658. *See also Sprenger v. Jacobs*, 305 N.W.2d 747, 748 (Minn.1981) (a decision on the merits would have accomplished nothing because there were no orders whose enforcement would have been stayed if the trial court's order were reversed); *In re Township of Glendale v. Minnesota Municipal Commission*, 288 Minn. 340, 343–44, 180 N.W.2d 925, 927 (1970) (the supreme court could not grant the appellant any effectual relief).

■ In the present case, the issue is whether the trial court erred in requiring the PCA to subordinate its 1985 crop lien to the FHA. The PCA has, in fact, entered into the subordination agreement as required by the injunction. The FHA has disbursed funds, the 1985 crop has been planted and harvested, and proceeds are available to apply toward the FHA loan. We have no authority to void the agreement between the PCA and the FHA and there is no relief that this court can grant to the PCA at this time.

The PCA argues that there is a continuing controversy here because there is a possibility of adverse collateral legal consequences and the issues are capable of repetition but likely to evade review. *See Elzie v. Commissioner of Public Safety*, 298 N.W.2d 29, 32 (Minn.1980). The PCA does not identify for us what adverse collateral legal consequences might ensue. Further, the issues in this case are not capable of repetition but likely to evade review. There are ways for the PCA to obtain immediate relief in the future if such relief is appropriate. If the trial court issues a

similar injunction in relation to another operating loan, the PCA can seek a stay pursuant to Minn.R.Civ.App. P. 108 or an extraordinary writ pursuant to Minn.R.Civ. App. P. 120 and 121.

### DECISION

Because this court cannot grant any effectual relief to the PCA, the appeal is dismissed as moot.

Appeal dismissed.