**Paul ZIZAK, Relator,**

v.

**DESPATCH INDUSTRIES, INC.,
Minneapolis Commission on
Civil Rights, Respondents.**

**No. C0–88–1070.**

Court of Appeals of Minnesota.

Aug. 23, 1988.

Review Denied Oct. 26, 1988.

Robert J. Brenner, Minneapolis, for Zizak, relator.

Mary Anne Colovic, Frederikson & Byron, Minneapolis, for Despatch Industries, Inc., respondent.

Robert Alfton, Minneapolis City Atty., Allen Hyatt, Asst. City Atty., Minneapolis, for Minneapolis Com'n on Civ. Rights, respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SCHUMACHER, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Paul Zizak claimed he was not promoted, as a result of age discrimination. The executive director of respondent commission found no probable cause to sustain the charge. Zizak appealed to a three-member review panel, which sustained the director's determination. Zizak sought certiorari review in the Court of Appeals. Respondent-employer, Despatch Industries, moved to discharge the writ, asserting the decision of the review panel is not appealable.

### DECISION

█ This court has jurisdiction to hear appeals from final decisions of the Minneapolis Commission on Civil Rights. *Hennepin County v. Civil Rights Commission of Minneapolis*, 355 N.W.2d 458 (Minn.Ct. App.1984). The issue presented by this case is whether confirmation of a finding of no probable cause is a "final decision."

█ Generally, only a decision which finally determines the rights of the parties and concludes the action is appealable. *Weinzierl v. Lien*, 296 Minn. 539, 209 N.W.

2d 424 (1973). Similarly, certiorari will not lie to review an order of the civil rights commission "unless the order is a final determination of the parties' rights, rather than an interlocutory or intermediate order." *Overseas Commodities Corp., Inc. v. Dockman*, 389 N.W.2d 254, 256 (Minn. Ct.App.1986) (citations omitted) (appeal from order of no-probable-cause-review panel premature; certiorari discharged). A decision issued by a commission *hearing* committee, after a contested case, *is* final and appealable. *Id.* at 257.

█ There was no contested case proceeding on Zizak's claim. There is no final decision from a hearing committee. Although the commission has decided not to prosecute the charge, Zizak's right to pursue his claim of discrimination has not been finally determined. He may still bring a civil action, and his rights will be determined by the district court. Minneapolis, Minn., Code of Ordinances, § 141.60 (1976 and Supp. No. 15, 12–86).

█ Finally, we have previously recognized that the Minneapolis City Council may grant its civil rights commission any and all powers enumerated in the Minnesota Human Rights Act. *Hennepin County*, 355 N.W.2d at 460 (citing 1975 Minn. Laws, ch. 82, § 1 (not codified)). We have, therefore, referred to the provisions of the Human Rights Act which govern appeals from decisions of the state department for guidance in construing appeal rights from the city commission. *Id.* We find it persuasive that the Act specifically provides that "a decision by the commissioner [of the Minnesota Department of Human Rights] that no probable cause exists to credit the allegations of an unfair discriminatory practice shall *not* be appealed to the court of appeals[.]" Minn.Stat. § 363.06, subd. 4(2) (Supp.1987) (emphasis added). Thus, if Zizak had filed his charge in the state Department of Human Rights, he would clearly have no right to appellate review of a finding of no probable cause. He has failed to establish a compelling reason for this court to extend review to this finding of no probable cause, merely because it was reached by a review panel

of the Minneapolis Commission on Civil Rights.

We hold there is no right of certiorari appeal from a decision of a no-probable-cause-review panel which affirms the director's finding of no probable cause to sustain a charge of discrimination.

Writ of certiorari discharged.