In re the Application of Mary Emma HIXSON, Executive Director of the Minneapolis Department of Civil Rights.

No. C7–88–1499.

Court of Appeals of Minnesota.

Dec. 20, 1988.

Review Denied March 30, 1989.

Frederick E. Finch, Fredrickson & Byron, Minneapolis, for appellant Sp. School Dist. No. 1.

Robert J. Alfton, Minneapolis City Atty., Allen B. Hyatt, Asst. City Atty., Minneapolis, for respondent Minneapolis Dept. of Civil Rights.

Robert J. Brenner, Minneapolis, for respondent Lourdes Ciesielczyk.

Heard, considered and decided by FOLEY, P.J., and NORTON and FLEMING,* JJ.

## OPINION

FLEMING, Acting Judge.

Appellant seeks review of the trial court's November 1987 and June 1988 findings, conclusions and orders enforcing the commission's decision, finding appellant in contempt, and awarding attorney fees. We affirm in part, reverse in part and remand for proceedings consistent with this opinion.

* Acting as judge of the Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

Respondent filed a complaint with the Minneapolis Department of Civil Rights alleging discrimination based on race and national origin. The department found probable cause and referred the charge to the Minneapolis Commission on Civil Rights. The commission found appellant committed discrimination and awarded damages and injunctive relief.

Appellant refused to comply with the commission's order. On April 17, 1986, respondent petitioned the trial court for an order to show cause pursuant to Minneapolis, Minn., Code of Ordinances, § 141.60(c) (Supp. No. 17, 12–87).

By order dated November 12, 1987, the district court amended the commission's findings, and affirmed the order concerning the dollar amounts awarded in back pay, front pay, and interest. The court awarded attorney fees for the work done to the date of the commission's order and awarded further attorney fees for the district court matter. Finally, the court found appellant in contempt for its failure to comply with the commission's order.

Subsequently, the trial court granted in part appellant's motion for amended findings, conclusions and order on June 15, 1988. The amendments did not materially alter the November 12, 1987 order. Appellant challenges the November 12 and June 15 orders.

We questioned jurisdiction. We concluded that the appeal was untimely as to the merits and limited review to the issues concerning the propriety of the district court's decision. Appellant petitioned the supreme court for further review. The petition was denied on October 26, 1988.

## ISSUES

1. Did appellant timely appeal the merits of the commission's order?

2. Did the trial court exceed its authority in amending the commission's findings, finding appellant in contempt, and in awarding attorney fees?

## ANALYSIS

### I.

■ We held in *County of Hennepin v. Civil Rights Commission of Minneapolis*, 355 N.W.2d 458 (Minn.Ct.App.1984), that a review of the merits of a commission decision must be timely sought by appeal to this court. *Id.* at 459. Thus, by Special Term order in this case, we determined review at this time of the commission's February 13, 1987 order is improper. Appeal was taken only from the district court's order and the only issue properly preserved for appeal is whether the trial court exceeded its authority in enforcing the commission's decision and in awarding attorney fees.

### II.

The extent of the district court's authority to enforce a decision by the Minneapolis Commission on Civil Rights has not been clearly defined.

Minneapolis Ordinance 141.60(c) states:

Enforcement. When a respondent fails or refuses to comply with the final decision of a hearing committee, the director may file with the district court a petition requesting the court to order the respondent to comply with the order, thereupon the court shall issue an order to show cause directed to the respondent why an order directing compliance should not be issued. Notwithstanding the provisions of any law or rule of civil procedure to the contrary, the court shall examine at the hearing on the order to show cause all the evidence in the record and may amend the order in any way the court deems just and equitable. If the hearing committee ordered an award of damages and if the court sustains any or all of the award, it shall enter judgment on that order in the same manner as in any other civil suit.

Minneapolis, Minn., Code of Ordinances, 141.60(b) (Supp. No. 17, 12–87) states:

Judicial Review. Any person aggrieved by final decision of the hearing commission or a related committee in a contested case, reached after a hearing held

pursuant to 141.50, may seek judicial review in accordance with Chapter 14 of the Minnesota Statutes.

Minn.Stat. § 645.16 (1986) states:

The object of all interpretation and construction of laws is to ascertain and to effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions.

Where a legislative act is imperfectly drawn, the court has a duty to ascertain the legislative purpose from consideration of the act as a whole and to interpret it, if possible, so that it will accomplish that purpose. *State v. Sullivan,* 245 Minn. 103, 111, 71 N.W.2d 895, 900 (1955). In *Kachman v. Blosberg,* 251 Minn. 224, 87 N.W.2d 687 (1958) the Minnesota Supreme Court stated:

[A] particular provision of a statute cannot be read out of context, but must be taken together with other related provisions to determine its meaning.

*Id.* at 229, 87 N.W.2d at 692.

The provisions above provide for enforcement and review of the commission's decisions. We read these provisions as separate instructions which should be read to accomplish separate, albeit complementary, goals. The review provision should not be relied upon for enforcement purposes, nor should the enforcement provision be utilized for review purposes.

■ By challenging the merits of the commission's order on appeal from the district court's enforcement order, appellant seeks to use the separate provisions interchangeably. Had the legislature intended to grant the district court authority to review the merits pursuant to section 141.60(c), there would have been no need for section 141.60(b). Thus, the ordinance read as a whole indicates that the district court, contrary to legislative intent, exceeded its authority in reviewing substantive issues and amending the order in an enforcement action.

Consideration of the ramifications of respondent's argument also indicates that the trial court exceeded its authority. As stated above, an appeal on the merits is appropriately taken to this court from the commission's decision. Were we to construe the enforcement provision to allow factfinding and modification by the district court concerning the merits, the enforcement provision would be a duplicate mechanism for appellate review of the merits. The parties would have the option to wait for the commission to petition the district court for enforcement, and then challenge the merits of the district court's decision on appeal. This would extend indefinitely the time for appeal of the merits of the commission's decision. It would provide incentive to refuse to comply with the commission's orders (to force a request for enforcement to the district court). It would delay proceedings and thwart conciliation efforts. Authorizing the district court to modify the commission's findings on the merits pursuant to the enforcement statute would "open the flood gates" for appeal on the merits from the district court's enforcement order. Since other provisions already provide for judicial review, and because case law dictates appeal from the commission's order, the scope of Minn.Code § 141.60(b) is limited to the enforcement of the commission's orders. The district court exceeded its authority in amending findings unnecessary for enforcement and in awarding attorney fees.

■ The trial court also found appellant in contempt for failure to comply with the commission's order. We reverse the order finding appellant in contempt, since appellant had not failed to obey any *court* order. *See Hopp v. Hopp,* 279 Minn. 170, 174, 156 N.W.2d 212, 216 (1968).

■ As we discussed in *Anderson v. Hunter, Keith, Marshall & Co.,* 401 N.W.2d 75, 83 (Minn.Ct.App.1987), *aff'd in part, rev'd in part,* 417 N.W.2d 619 (Minn. 1988), a respondent prevailing on appeal is entitled to attorney fees. To deny fees would dilute the award of the commissioner. Pursuant to the affidavit filed by respondent's attorney, we award respondent Hixson attorney fees in the amount of $2,449.99.

## DECISION

We affirm the trial court's orders to the extent they affirm the commission's February 13, 1986, order. We reverse the remainder of the district court's enforcement orders of November 27, 1987, and June 15, 1988, because they contain findings and awards for attorney fees and contempt beyond those necessary for just and equitable enforcement. We remand to the trial court for an enforcement order compelling compliance with the commission's order.

Affirmed in part, reversed in part and remanded.