In the Matter of a Complaint Against NORTHERN STATES POWER COMPANY by Fusion Coatings, Inc.

No. C0–89–1578.

Court of Appeals of Minnesota.

Nov. 14, 1989.

Review Denied Dec. 15, 1989.

Kent Gernander, Cindy Telstad, Streater, Murphy, Gernander & Forsythe, Winona, for relator Fusion Coatings.

Hubert H. Humphrey, III, Atty. Gen., Jon Kingstad, Sp. Asst. Atty. Gen., St. Paul, for respondent Public Utilities Comm.

Samuel Hanson, Briggs and Morgan, Minneapolis, for respondent Northern States Power.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and CRIPPEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

Fusion Coatings complained that it was overcharged by Northern States Power. The Public Utilities Commission rejected the complaint by order on August 10, 1989. Fusion Coatings did not seek a rehearing, but obtained a writ of certiorari from this court on September 1. Respondents move to discharge the writ.

## DECISION

An aggrieved party may appeal from a decision of the Public Utilities Commission "in accordance with chapter 14." Minn. Stat. § 216B.52 (1988). While chapter 14 provides that the time for appeal is stayed by a timely petition for reconsideration, it does not require such a petition "as a prerequisite to the institution of a review proceeding under sections 14.63 to 14.68." Minn.Stat. § 14.64 (1988).

By contrast, Minn.Stat. § 216B.27, subd. 2 (1988), applicable to *"any* decision constituting an order or determination of the [public utilities] commission," precludes *"any* proceeding for the judicial review thereof * * * in *any* court * * * unless the plaintiff or petitioner in the action or proceeding within 20 days after the service of the decision, shall have made application to the commission for a rehearing in the proceeding in which the decision was made." (Emphasis added.)

Our holding today, that the failure to seek rehearing bars a certiorari appeal from the commission's initial decision, is based on several grounds. First, we believe the commission's August 10 decision is not "final." The legislature has declared that the commission's powers "have not been completely exercised until the commission has acted upon an application for rehearing, as provided for by this section." Minn.Stat. § 216B.27, subd. 5 (1988). Appellate review under chapter 14 is limited to final decisions. Minn.Stat. § 14.63. The commission's decision is not "final," within the meaning of chapter 14, until the commission has ruled on a petition for rehearing.

Second, the general provisions of chapter 14 do not supersede more specific provisions governing appeals from the public utilities commission. *Ramsey County v. Minnesota Public Utilities Commission*, 345 N.W.2d 740, 743 (Minn.1984) (chapter 14 requirement that appeal be initiated by service of petition held not to override specific provision allowing use of notice of appeal in telephone rate proceedings). While nothing *in* chapter 14 requires an application for rehearing, chapter 216B clearly and explicitly does require such an application. *Compare* Minn.Stat. §§ 14.64 ("Nothing *herein* shall be construed" to require an application for reconsideration) and 216B.27, subd. 2 (judicial review precluded unless application for rehearing is made). The more specific provision controls.

Third, where the provisions appear to be inconsistent, chapter 14 establishes general *procedures* to be followed on appeal, while chapter 216B governs on issues of *jurisdiction*. *Minnesota Public Interest Research Group v. Northern States Power Co.*, 360 N.W.2d 654, 656 (Minn.Ct.App.1985) (narrower language of chapter 14 did not limit this court's jurisdiction to review decision which came within broader definition of chapter 216B). As the title of section 216B.27 clearly warns, "Rehearings Before [the] Commission [are a] Condition Precedent to Judicial Review." This is a question of jurisdiction, and chapter 216B controls.

Finally, we note that in 1983, the legislature specifically deleted a portion of Minn. Stat. § 216B.52 which permitted an appeal within 30 days after service of the commission's order *or* within 30 days after an order disposing of an application for rehearing. 1983 Minn.Laws ch. 247, § 219. No provision of the current statute authorizes a direct appeal from the commission's initial order. Since Fusion Coatings did not seek a rehearing, a certiorari appeal from the commission's order was inappropriate.

Writ of certiorari discharged.