**COUNTIES OF BLUE EARTH, et al., individually and collectively as the Southwestern Highway Improvement Association, Respondents,**

v.

**MINNESOTA DEPARTMENT OF LABOR AND INDUSTRY, et al., Appellants.**

**No. C0-92-635.**

Court of Appeals of Minnesota.

Sept. 1, 1992.

Terrence J. Foy, James R. Andreen, Mark F. Kerr, Ratwik, Roszak, Bergstrom & Maloney, P.A., Minneapolis, for respondents.

Hubert H. Humphrey III, Atty. Gen., Scott R. Strand, Asst. Atty. Gen., St. Paul, for appellants.

Richard A. Miller, Stephen D. Gordon, Daniel J. Froehlich, Gordon–Miller–O'Brien, Minneapolis, for amicus curiae Minnesota State Building & Const. Trades Council.

Carla J. Heyl, St. Paul, for amicus curiae League of Minnesota Cities.

Considered and decided by SHORT, P.J., and FORSBERG and AMUNDSON, JJ.

OPINION

FORSBERG, Judge.

The Minnesota Department of Labor and Industry and the Minnesota Department of Transportation, and Commissioners John Lennes and James Dehn respectively, appeal from the district court's grant of a temporary injunction in favor of respondent Counties. We reverse.

## FACTS

In September 1991, the Commissioner of the Department of Labor and Industry certified a prevailing wage rate as required by the Prevailing Wage Statute for respondent Counties. Respondents disputed the rate setting process and resulting wage rates, and were granted a temporary injunction by the district court in April 1992.

After receiving respondents' complaints, and prior to the district court's injunction, the Commissioner ordered a new prevailing wage survey. In ordering the temporary injunction, the district court stated "the Commissioner has tacitly admitted that [the process of determining the prevailing wage rate] was flawed by ordering completely new data to be developed to correct the situation."

Following entry of the temporary injunction, the Commissioner ordered that, pursuant to the district court's order, respondents did not have to follow the prevailing wage rate. However, this court has issued a stay of the temporary injunction pending resolution of this appeal.

## ISSUE

1. Did respondents adequately exhaust their administrative remedies before seeking to enjoin enforcement of the prevailing wage rate?

2. Did the district court lack jurisdiction to hear an appeal from a decision of an administrative agency?

## ANALYSIS

1. Appellants argue the Prevailing Wage Statute expressly provides an aggrieved party with an administrative remedy which respondents failed to pursue. Further, because respondents failed to exhaust that administrative remedy, they are not entitled to judicial relief. Respondents counter that pursuing the administrative remedy would have been futile due to their time constraints, and that the administrative remedy in the statute is not exclusive.

The Prevailing Wage Statute provides:

> It is in the public interest that public buildings and other public works be constructed and maintained by the best means and highest quality of labor reasonably available and that persons working on public works be compensated according to the real value of the services they perform. It is therefore the policy of this state that wages of laborers, workers, and mechanics on projects financed in whole or part by state funds should be comparable to wages paid for similar work in the community as a whole.

Minn.Stat. § 177.41 (1990). To this end, the Commissioner is required, before the state asks for bids, to ascertain the prevailing hours and wages for all trades and occupations required on any project. Minn. Stat. § 177.44, subd. 4 (1990). The prevailing wage rate "means the hourly basic rate of pay * * * and any other economic benefit paid to the largest number of workers engaged in the same class of labor within the area." Minn.Stat. § 177.42, subd. 6.

The Prevailing Wage Statute provides an administrative process by which an aggrieved party may first petition for reconsideration of a final determination of the Commissioner and then petition for a contested case hearing. Minn.Stat. § 177.44, subd. 4. The department rules also provide specifically for this type of administrative review. Minn.R. 5200.1090 (1991). Respondents did not follow this grievance procedure. Instead, they petitioned the district court for relief five months after the Commissioner had certified the prevailing wage rates.

The district court claimed jurisdiction over the matter because

> [a]dministrative remedies need not be pursued if it would be futile to do so. *McShane v. City of Faribault,* 292 N.W.2d 253 (Minn.1980). Because the rates that are certified remain the effective rates until the new figures are compiled by the Commissioner, there appears to be no legal remedy to prevent the harm wrought by the distortion in the existing certified rate.

However, as we state below, there is no indication that the administrative remedy would have been futile in this case. The

district court's concern that the certified rates remain effective until new figures are compiled would not have been a concern had respondents taken action within 30 days of the Commissioner's September 1991 wage rate certification. It was the failure to take such action that delayed the process and caused it to interfere with the letting of bids on summer projects.

Respondents correctly note there is a 30-day time limit on filing a petition for reconsideration. Minn.R. 5200.1090, subpt. 1 (an aggrieved person may file a petition for reconsideration of the wage rate within 30 days of its certification.) They also may be correct in their assertion that it would have taken them much longer than 30 days to conduct their own survey and produce the supporting data required by the rule. However, it is not necessary to submit the required supporting data within the 30-day time limit. As long as a petition of some kind is submitted within 30 days, it is timely. The Commissioner presented ample, credible evidence that it will allow a petitioner additional time to provide data in support of a claim. Given the Commissioner's acceptance of incomplete petitions, respondents could have filed a timely petition for reconsideration before conducting their own survey. There was no reason for them to avoid the administrative process and file a claim with the district court five months later.

Respondents also argue *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) establishes that a judicial cause of action may be implied, despite their failure to exhaust administrative remedies. The *Cort* case detailed a test to determine when causes of action should be implied from statutory schemes. The factors to consider are 1) whether the plaintiff is one of a class for whose especial benefit the statute was enacted, 2) whether there is an indication of legislative intent to create a remedy or deny one, and 3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy. *Id.* at 78, 95 S.Ct. at 2088.

Contrary to respondents' contention, these factors weigh against implying a judicial cause of action in the Prevailing Wage Statute. Although respondents are beneficiaries of the statute, the benefit enjoyed is indirect. Rather, the statute specifically states that the "public" and "persons working on public works" are its especial beneficiaries. *See* Minn.Stat. § 177.41.

In addition, there is no indication of a legislative intent to create a judicial remedy prior to exhaustion of the administrative remedy. The statute explicitly provides for administrative remedies for aggrieved parties. Minn.Stat. § 174.44, subd. 4. We are unable to identify any indication, express or implied, establishing a legislative preference for creating a private right and circumventing the remedies provided by Minn. Stat. §§ 14.57-.61 (1990).

Finally, implying a judicial cause of action prior to exhaustion of the administrative remedy is inconsistent with the purposes of the legislative scheme, which is to have a specialized administrative agency handle the setting of prevailing wage rates and contested cases. As appellants argue, a precisely drawn, detailed statute preempts more general remedies. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 834, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976); *see also Fusion Coatings, Inc. v. Northern States Power, Co.,* 447 N.W.2d 614, 615 (Minn.App.1989), *pet. for rev. denied* (Minn. Dec. 15, 1989). The Prevailing Wage Statute specifically provides for an administrative remedy; this preempts the use of other, more general judicial remedies.

2. In addition to their failure to file a timely administrative action, respondents also failed to appeal to the proper court. Minn.Stat. § 14.63 (1990) provides

> [a] petition for a writ of certiorari by an aggrieved person for judicial review under [the Administrative Procedure Act] must be filed with the court of appeals.

Therefore, appeals under the Administrative Procedure Act are to be heard by the court of appeals, not the district court. *See Hennepin County v. Civil Rights Comm'n of City of Minneapolis,* 355 N.W.2d 458, 460 (Minn.App.1984).

The evident purpose of the Prevailing Wage Statute is to avoid the type of untimely challenge to prevailing wage rates as occurred in the present case. Had respondents requested a contested case hearing, they would have had the opportunity to challenge the Commissioner's survey and investigation in the fall of 1991. If they did not achieve the result desired through this administrative process, they could have sought further review from this court pursuant to the Administrative Procedure Act, Minn.Stat. § 14.69 (1990).

We therefore conclude the district court lacked jurisdiction to hear this appeal. An appeal from an administrative decision must be brought to the court of appeals. We also conclude respondents are not entitled to injunctive relief because they failed to adequately exhaust their administrative remedies.

DECISION

The district court's grant of a temporary injunction is reversed.

Reversed.