**In re the Marriage of Judy A. WEIGEL, f/k/a Judy A. Miller, Petitioner, Appellant,**

v.

**Christopher J. MILLER, Respondent.**

**No. C2–97–1174.**

Court of Appeals of Minnesota.

Feb. 24, 1998.

M. Sue Wilson, Terri A. Blomfelt, M. Sue Wilson Law Offices, P.A., Minneapolis, for Appellant.

Considered and decided by KALITOWSKI, P.J., and DAVIES and MANSUR, * JJ.

---

## OPINION

DAVIES, Judge.

■ A district court granted an order for protection sought by appellant Judy A. Weigel. Appellant does not object to the issuance of this order, but appeals from the trial court's findings of fact and order that a Child in Need of Protection or Services (CHIPS) petition be filed. We dismiss the appeal as moot.

## FACTS

Appellant Judy A. Weigel and respondent Christopher J. Miller have joint legal custody of their daughter. Appellant, who alleged sexual abuse of the daughter by respondent, was granted an ex parte order for protection against respondent, prohibiting him from having any contact with the daughter until a hearing could be held.

After an initial hearing, respondent was limited to one hour of supervised visitation with the daughter per week. After an evidentiary hearing, the district court issued an order for protection. The order restrained respondent from assaulting the daughter and continued the restrictions on his visitation. The order also prohibited appellant from interfering in the evaluation of the daughter's needs and demeaning or vilifying respondent to the daughter.

Appellant does not challenge the order itself, but appeals the district court's "findings" that the daughter had not been sexually abused by respondent and that appellant had coached the daughter into making false allegations.

Appellant also contests the court-ordered filing of a CHIPS petition. The court ordered the petition because it found that the parents' animosity toward each other was harmful to the daughter. The petition has since been dismissed.

## ISSUES

■ I. May a party prevailing in the district court appeal from that court's findings of fact?

■ II. Is appeal of the court-ordered CHIPS petition rendered moot by dismissal of that petition?

## ANALYSIS

### I.

■ It is well settled that courts hear only live controversies and will not rule on a question merely to set a precedent. *In re Inspection of Minn. Auto Specialties, Inc.,* 346 N.W.2d 657, 658 (Minn.1984). If, while an appeal is pending, an event occurs that renders a "decision on the merits unnecessary or an award of effective relief impossible," the appeal must be dismissed as moot. *Id.*

The district court granted the requested order for protection, which limited respondent's visitation to one supervised hour per week. Appellant does not object to that ruling. Nevertheless, appellant contends that the court erroneously found that no sexual abuse had occurred and that appellant had coached the daughter to make the allegations. Appellant argues that these findings may reduce the daughter's credibility in future custody or other proceedings involving allegations of sexual abuse.

In essence, appellant wishes to contest the trial court's findings of fact, even though she was awarded the order for protection she sought. Appellate courts lack the resources to respond to such pointless appeals. A prevailing party may not separately appeal a district court's findings of fact. *Johnson v. American Econ. Ins. Co.,* 419 N.W.2d 126, 128 n. 1 (Minn.App.1988); *see also* Minn. R. Civ.App. P. 106 (respondent may appeal only adverse judgment or order). District courts are equipped to recognize that unnecessary findings like those objected to here are not binding in subsequent proceedings.

### II.

The CHIPS petition appellant objects to was dismissed two weeks before her brief was filed. Appellant contends this issue is not moot because she was forced to incur attorney fees to defeat the petition and because the mere fact that the petition was issued is a black mark on her record. This issue is moot because no remedy can now be granted by this court. *See Minn. Auto Specialties,* 346 N.W.2d at 658 (appeal moot if

event that occurs while appeal is pending renders decision unnecessary).

## DECISION

Appellant may not appeal from the district court's findings of fact, and appellant's challenge to the court-ordered CHIPS petition is moot.

**Appeal dismissed as moot.**