John C. DICKS, et al., Appellants,

v.

**MINNESOTA DEPARTMENT OF ADMINISTRATION, Respondent.**

No. C8–00–2096.

Court of Appeals of Minnesota.

April 24, 2001.

Review denied July 24, 2001.

Michael R. Quinlivan, Bethan M. Davies, Cronan Pearson Quinlivan, P.A., Minneapolis; and Philip G. Villaume, Villaume & Associates, Edina (for appellants).

Mike Hatch, Minnesota Attorney General, Gary R. Cunningham, Assistant Attorney General, St. Paul (for respondent).

Considered and decided by HANSON, Presiding Judge, CRIPPEN, Judge, and HARTEN, Judge.

## OPINION

HANSON, Judge

Appellants, who are State of Minnesota employees, brought this action to compel the state to pay them according to Minnesota's Prevailing Wage Act,[1] Minn.Stat. §§ 177.41–.44 (2000). They contend that the Act provides them with a private cause of action against the state to seek back wages and benefits. Because we conclude that state employees were not the intended beneficiaries of the Act, we affirm the judgment dismissing their action.

## FACTS

Appellants are employees of the Minnesota Department of Administration whose duties include the construction and maintenance of public buildings and other public works. These duties are funded by state revenues. Appellants' wages are determined through negotiations between their collective bargaining unit and the state.

Appellants brought suit under Minnesota's Prevailing Wage Act, codified at Minn. Stat. §§ 177.41–.44. At all times relevant to this case, appellants were paid at a rate below the prevailing wage rate established by § 177.42, subd. 6. The district court dismissed the action based upon its conclu-

sion that the legislature designed the Act to benefit the employees of private contractors engaged in state projects, but not state employees. This appeal followed.

## ISSUE

Did the district court err in concluding that state employees are not intended beneficiaries of the Minnesota Prevailing Wage Act?

## ANALYSIS

On appeal from dismissal for failure to state a claim on which relief can be granted, the only question we review is whether the complaint sets forth a legally sufficient claim for relief. *Barton v. Moore*, 558 N.W.2d 746, 749 (Minn.1997). Statutory construction is a question of law, which we review de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). The legislature has explicitly advised that "[t]he object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2000).

The district court concluded that appellants failed to state a claim for relief because the Minnesota Prevailing Wage Act was not enacted for the benefit of state employees. In so doing, the district court undertook to reconcile the general policy provision in the act, which refers to "laborers, workers and mechanics" on public projects without specifying by whom they are employed, with the penalty provisions which refer only to any "laborer, worker, or mechanic" employed by a "contractor" or "subcontractor." The statement of public policy is as follows:

---

1. While this statute does not have an official title, we will adopt appellants' reference to it as the "Minnesota Prevailing Wage Act."

It is in the public interest that public buildings and other public works be constructed and maintained by the best means and highest quality of labor reasonably available and that persons working on public works be compensated according to the real value of the services they perform. It is therefore the policy of this state that wages of laborers, workers, and mechanics on projects financed in whole or part by state funds should be comparable to wages paid for similar work in the community as a whole.

Minn.Stat. § 177.41. The penalty section of the Act specifies the content that must be included in contracts for public projects and makes it

a misdemeanor for an officer or employee of the state to execute a *contract* for a project without complying with this section, or for a *contractor, subcontractor,* or agent to pay any laborer, worker, or mechanic employed directly on the project site a lesser wage for work done under the *contract* than the prevailing wage rate as stated in the *contract.*

Minn.Stat. § 177.43, subd. 5 (emphasis added).

The district court found an ambiguity between these provisions and applied the rules of statutory construction to resolve that ambiguity. *See* Minn.Stat. § 645.16 (authorizing the use of extrinsic factors to ascertain legislative intent where "the words of a law are not explicit").

Appellants agree that Minnesota's Prevailing Wage Act does not provide an explicit private right of action for any employees, whether employees of the state or a private contractor. Instead, appellants argue that a private right of action may be implied by using the analytical model approved in *Flour Exch. Bldg. Corp. v. State,* 524 N.W.2d 496 (Minn.App.1994) (applying the three-factor test enunciated in *Cort v.*

*Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975)). However, since the very first of those factors is absent here, our analysis need go no further. That first factor is whether the plaintiffs belong to the class for whose benefit the statute was enacted.

Appellants suggest that this court's decision in *Counties of Blue Earth v. Minnesota Dept. of Labor,* 489 N.W.2d 265, 268 (Minn.App.1992), has already addressed the first factor because it stated that "persons working on public works" were the "especial beneficiaries" of the Minnesota Prevailing Wage Act. However, *Counties of Blue Earth* did not address whether claims for wages could be made under the Act. Instead, it focused on the procedure for establishing the prevailing wage rate, and found that the Act did not imply a private right of action to challenge the rate because it provided an administrative remedy for any "aggrieved party" to obtain review of the rate. Moreover, the statement in *Counties of Blue Earth* did not specifically identify employees of the state as being intended beneficiaries.

Appellants cite cases from other jurisdictions that imply a private right of action for employees under similar prevailing wage laws. *See Dayhoff v. Temsco Helicopters, Inc.,* 848 P.2d 1367, 1374 (Alaska 1993); *Callaway v. N.B. Downing Co.,* 172 A.2d 260, 263 (Del.Super.Ct.1961); *Stampco Constr. Co. v. Guffey,* 572 N.E.2d 510, 512 (Ind.Ct.App.1991); *Fasse v. Lower Heating & Air Conditioning, Inc.,* 241 Kan. 387, 736 P.2d 930, 934 (1987); *Green v. Jones,* 23 Wis.2d 551, 128 N.W.2d 1, 5 (1964). However, each of those cases involved plaintiffs who were employees of a private contractor. No case has been cited or found that recognized a private right of action under any prevailing wage law for a government employee.

We agree with the district court that the legislature did not intend the Minnesota Prevailing Wage Act to benefit state employees. In reaching that conclusion, we are impressed that even those states that have recognized a private right of action for employees of private contractors have not extended that private right of action to state employees. We also find compelling evidence of a contrary legislative intent.

First, the parties agree that the federal Davis Bacon Act, 40 U.S.C. §§ 276a–276a–5 (1994), was the model for Minnesota's Prevailing Wage Act. It governs the wages of those employed in construction, alteration, or repair of federal projects. Subsequent to its passage, the express language of the Davis–Bacon Act was interpreted by the United States Attorney General to apply only to employees of contractors and subcontractors engaged by the federal government, and not to federal employees. 38 Op. Att'y Gen. 229 (July 2, 1935). In the debate concerning Minnesota's Prevailing Wage Act, the bill's chief author stated that it was patterned after the federal Davis Bacon Act. *Hearing on H.F. No. 134 Before the House Labor–Mgmt. Relations Comm.* (Mar. 13, 1973) (statement of Rep. Samuelson). We infer that the Minnesota Legislature, in passing Minn.Stat. §§ 177.41–.44, had knowledge of this interpretation of the federal statute which they sought to emulate.

Second, the legislative history of Minnesota's Prevailing Wage Act focused exclusively on regulating wages paid from state contracts to private contractors. *Id.* The testimony of the bill's author and various witnesses provides no indication that the legislation was intended for the benefit of state employees; rather, the bill was advanced to protect local workers from having their wages undermined by contractors from outside the area. *Id.*

Third, Minn.Stat. § 645.27 (2000) suggests that the legislature does not intend to imply rights of action against the state. It provides:

The state is not bound by the passage of a law unless named therein, or unless the words of the act are so plain, clear, and unmistakable as to leave no doubt as to the intention of the legislature.

The state is only named in the Minnesota Prevailing Wage Act in connection with its contractual duties. There is no mention of the creation of any liability of the state to its employees.

Finally, appellants are employed by the state subject to a collective bargaining agreement. The legislature has stated that

to the extent they are covered by a collective bargaining agreement, the compensation, terms, and conditions of employment for all employees * * * shall be governed solely by the collective bargaining agreement executed by the parties and approved by the legislature.

Minn.Stat. § 43A.18, subd. 1 (2000). The interpretation of the Act suggested by appellants would require the payment of compensation to state employees that was contrary to an existing agreement *approved by the legislature.* In construing a statute, we are to presume that the legislature did not intend a result that is "absurd" or "unreasonable." Minn.Stat. § 645.17 (2000). We conclude that an interpretation of the Minnesota Prevailing Wage Act that caused the legislature to nullify its own act in approving the collective bargaining agreement would be just such an untenable result.

Because we find that appellants are not intended beneficiaries of the Minnesota Prevailing Wage Act, we hold that no private right of action can be implied for their benefit under that Act. We do not reach the issue whether a private cause of action

338 ■

may be implied under the Act for employ-
ees of a private contractor.

## DECISION

Minnesota's Prevailing Wage Act is not
intended to benefit state employees. The
district court properly dismissed appel-
lants' case for failure to state a claim.

**Affirmed.**