MUTUAL SERVICE CASUALTY
INSURANCE COMPANY,
Appellant,

v.

MIDWAY MASSAGE, INC., et al.,
Minnesota Institute of Neurology,
P.A., Trang Nguyen, et al., Respondents.

No. A04–1312.

Court of Appeals of Minnesota.

March 29, 2005.

Bradley L. Doty, Jon R. Schindel, Stempel & Associates, P.L.C., Hopkins, MN, for appellant.

Charles J. Lloyd, Livgard & Rabuse, P.L.L.P., Minneapolis, MN, for respondents Midway Massage and Full Circle Physical Therapy.

Wilbur W. Fluegel, Fluegel Law Office, Minneapolis, MN and John B. Wolfe, Jr., Wolfe & Associates, St. Paul, MN, for respondent Minnesota Institute of Neurology.

Considered and decided by
TOUSSAINT, Chief Judge; HUDSON, Judge; and CRIPPEN, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

TOUSSAINT, Chief Judge.

On appeal from a judgment dismissing appellant Mutual Service Casualty Insurance Company's (MSI) declaratory action for failure to state a claim, MSI argues that respondents Midway Massage, Inc., Full Circle Physical Therapy, Inc., and Minnesota Institute of Neurology, P.A. are incorporated in contravention to the Minnesota Professional Firms Act, Minn. Stat. §§ 319B.01–.12 (2004). Because the Minnesota Professional Firms Act does not create an express or implied private cause of action, we affirm.

## FACTS

Appellant Mutual Service Casualty Insurance Company (MSI) is a no-fault insurer. Following a motor vehicle accident in March 2002, respondents Thai Dinh and Trang Nguyen sought treatment for their injuries from respondents Midway Massage, Inc. (Midway Massage), Full Circle Physical Therapy, Inc. (Full Circle), and Minnesota Institute of Neurology, P.A. (MIN) (collectively the clinics). Dinh and Nguyen submitted claims to MSI for medical insurance benefits, but MSI denied payment. Consequently, Dinh and Nguyen petitioned for no-fault arbitration.

MSI filed a rule 5(f) statement with the American Arbitration Association opposing Dinh and Nguyen's petition, arguing that MSI's defense to the arbitration incorporated legal issues and the arbitrator lacked jurisdiction. Shortly thereafter, MSI filed a complaint for declaratory relief in Ramsey County District Court, requesting a judgment dismissing or staying the arbi-

tration until the legal issues involved in the declaratory relief action were resolved. The complaint alleges that the treatment expenses submitted by the clinics are barred by the clinics' violation of the Minnesota Professional Firms Act (MPFA)[1] and the Corporate Practice of Medicine Doctrine (CPMD). MSI also made a separate motion to dismiss or stay Dinh and Nguyen's upcoming arbitration.

According to the complaint, Full Circle and Midway Massage are incorporated under Minn.Stat. ch. 302A (2002) and they are operated by individuals who are not licensed in massage or physical therapy. MSI argued that Midway Massage and Full Circle were professional firms and, therefore, must elect to incorporate under the MPFA. MIN is incorporated under chapter 302A and the MPFA by a licensed chiropractor. Because MIN employs licensed physicians, MSI argued that MIN was invalidly incorporated under the MPFA. Ultimately, MSI argued that it was absolved from making payments to the insureds who sought treatment from clinics incorporated in contravention to statute, MPFA and the CPMD.

In lieu of filing an answer, the clinics moved to dismiss MSI's action for failure to state a claim upon which relief can be granted under Minn. R. Civ. P. 12.02(e). Dinh and Nguyen moved to dismiss MSI's complaint against them for insufficiency of process under Minn. R. Civ. P. 12.02(d). The district court denied MSI's motion to stay the arbitration in July 2003.

On January 16, 2004, the district court granted the clinics' motion to dismiss, awarded costs and disbursements, and directed the clinics' counsel to submit affida-

---

Minn. Const. art. VI § 10.

1. The MPFA, Minn.Stat. §§ 319B.01–.12 (2004), permits providers of "professional services" to operate as a corporation with limited liability so long as the ownership interest

in the corporation is held by a professional who is licensed to practice in at least one category of services provided by the corporation.

vits regarding attorney fees. Additionally, the district court held that the MPFA does not create an express or implied private cause of action and, therefore, MSI had failed to state a claim under rule 12.02(e).

On May 24, 2004, the district court dismissed MSI's complaint against Dinh and Nguyen for insufficiency of process, incorporated its January 16, 2004 order, and awarded attorney fees to Midway Massage and Full Circle. This appeal follows.

## ISSUES

I. Are the issues raised in this appeal moot?

II. Did the district court err by dismissing MSI's claim based on an alleged violation of the Minnesota Professional Firms Act because the statute does not create a private cause of action?

III. Did the district court abuse its discretion by awarding attorney fees?

## ANALYSIS

### I.

■ Midway Massage and Full Circle move to dismiss MSI's MPFA and CPMD claim on appeal, arguing that the issue is moot and, therefore, this court lacks jurisdiction. "It is well established that this court will hear only live controversies." *In re Inspection of Minn. Auto Specialties, Inc.*, 346 N.W.2d 657, 658 (Minn.1984). Generally, an appeal will be dismissed as moot if, pending an appeal, an event occurs which makes a decision on the merits unnecessary or an award of effective relief impossible. *Id.* "The mootness doctrine, therefore, implies a comparison between

the relief demanded and the circumstances of the case at the time of decision in order to determine whether there is a live controversy that can be resolved." *In re Application of Minnegasco*, 565 N.W.2d 706, 710 (Minn.1997).

■ Here, while the district court action was pending, Dinh and Nguyen's no-fault arbitrations proceeded as scheduled. The arbitrator rendered the awards and, subsequent to the dismissal in the district court matter, MSI satisfied the awards in full. MSI's satisfaction of the arbitration awards renders a decision on the merits of this case unnecessary. Because MSI has paid the benefits, a declaratory judgment that the clinics are improperly incorporated would have no practical effect. As such, MSI's claim is moot.

■ But "[t]he mootness doctrine is a flexible discretionary doctrine, not a mechanical rule that is invoked automatically whenever the underlying dispute between the particular parties is settled or otherwise resolved." *State v. Rud*, 359 N.W.2d 573, 576 (Minn.1984). Here, without a decision on the merits, future insureds may have to bear the expense of litigating their no-fault benefits. Thus, the issue of whether MSI is liable for expenses incurred at clinics that are alleged to be improperly incorporated is "capable of repetition but likely to evade review." *See Elzie v. Comm'r of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980). Therefore, we address the merits of MSI's appeal.

### II.

■ MSI argues that the district court erred by dismissing its MPFA claim for failure to state a claim.[2] This court re-

---

2. MSI's complaint also alleged that the clinics were incorporated in violation of the Corporate Practice of Medicine Doctrine (CPMD). While this appeal was pending, this court

addressed the application of the CPMD to incorporated clinics providing chiropractic, physical therapy, and massage services in *Isles Wellness, Inc. v. Progressive N. Ins. Co.*,

views a dismissal under Minn. R. Civ. P. 12.02(e) de novo. *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 552 (Minn.2003). The only question before the reviewing court is whether the complaint sets forth a legally sufficient claim for relief. *Id.*

■ MSI lacks standing to bring a claim under the MPFA because the MPFA does not create an express or implied private right of action. A statute does not give rise to a civil cause of action unless the statute expressly or implicitly creates a cause of action. *Flour Exch. Bldg. Corp. v. State*, 524 N.W.2d 496, 498 (Minn.App. 1994), *review denied* (Minn. Feb. 14, 1995). The MPFA does not contain any *explicit* language creating a cause of action to challenge an alleged violation of the act's incorporation provisions. To determine whether a cause of action can be *implied* from a statute, courts must consider three factors: "(1) whether the plaintiff belongs to the class for whose benefit the statute was enacted; (2) whether the legislature indicated an intent to create or deny a remedy; and (3) whether implying a remedy would be consistent with the underlying purposes of the legislative enactment." *Id.* at 499 (citing *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975)). It is not the province of this court to create a statutory cause of action not provided for by the legislature. *See Stubbs v. N. Mem'l Med. Ctr.*, 448 N.W.2d 78, 83 (Minn.App.1989), *review denied* (Minn. Jan. 12, 1990).

The district court dismissed MSI's complaint on the first factor, determining that consumers of professional services, and not insurance companies, were the intended beneficiaries of the MPFA. In making this determination, the district court relied on comments to the statute stating that the purpose of the MPFA was to shield professionals against "automatic, vicarious liability for the debts of the organization," and "to prevent nonprofessionals from interfering with the professional judgment of licensed practitioners." Minn. Stat. Ann. § 319B.01, reporter's notes—1997 (West 2004). While the comments suggest that the legislature intended the MPFA to benefit both professionals as well as consumers, there is no indication that the legislature intended to benefit insurance companies through the professional incorporation statute.

MSI does not challenge the district court's conclusion that consumers were the MPFA's intended beneficiaries. Rather, MSI argues that the district court erred because MSI's interest in preventing unregulated firms (such as the clinics), as well as MSI's interest in paying medical claims, reflects and comprises the interests of consumers. MSI's pleaded purpose for initiating this litigation, however, was to avoid reimbursing two consumers for medical services received at the clinics. Moreover, while MSI is a beneficiary of the statute's regulation and governance of professional firms, it is only an indirect beneficiary, a status insufficient to create an implied private cause of action. *See Counties of Blue Earth v. Minn. Dept. of Labor and Indus.*, 489 N.W.2d 265, 268 (Minn. App.1992) (finding no private cause of action where respondents were not a statute's "especial beneficiaries").

Additionally, an analysis of the remaining two factors also demonstrates that the legislature did not intend to create an implied private cause of action under the

689 N.W.2d 561 (Minn.App.2004). This court held that the CPMD does not bar the corporate employment of chiropractic, physical therapists, or massage therapists. *Id.* at 565–

66. *Isles Wellness* is dispositive in this matter. Accordingly, the district court did not err in dismissing MSI's complaint for failure to state a claim based on the CPMD.

MPFA. In Minn.Stat. § 319B.11, subd. 8 (2004), the legislature provided that a "board, through the attorney general, may institute proceedings in a district court of this state ... to involuntarily rescind a professional firm's election." Hence, the intended remedy for violations of the MPFA is board action through the state attorney general. Finally, MSI fails to demonstrate how creating a private cause of action to challenge a professional firm's incorporation would advance the legislative purposes of shielding professionals from vicarious liability and protecting professionals from the influence of non-professionals. As such, the district court did not err in concluding that the MPFA does not imply a private cause of action and in dismissing MSI's complaint under Minn. R. Civ. P. 12.02(e).

### III.

■■■■■■ MSI also challenges the district court's award of attorney fees to Midway Massage and Full Circle, arguing solely that the declaratory action was neither brought in bad faith nor based on a frivolous argument. This court will reverse a district court's award of attorney fees only if the award constitutes an abuse of the district court's broad discretion. *Becker v. Alloy Hardfacing Eng'g Co.*, 401 N.W.2d 655, 661 (Minn.1987). A district court may award attorney fees as a sanction when, following notice to the offending party and an opportunity to respond, the court determines that either (1) the claims were presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or (2) the claims were unwarranted by existing law. Minn.Stat. § 549.211, subds. 2, 3, 5 (2004).

The district court did not abuse its discretion by awarding attorney fees. The clinics' counsel submitted various letters and an affidavit to the court detailing MSI's attempts to delay resolution of this matter and to use the discovery process as a means to solicit information regarding the clinics' patients and practices. Moreover, there was no statutory or precedential basis from which MSI could argue that the MPFA contained a private cause of action. Given that there was ample evidence in the record suggesting that MSI filed suit in bad faith to avoid its payment obligations, the district court did not abuse its discretion in awarding fees.

### D E C I S I O N

Because the MPFA does not provide for a private cause of action. MIS Lacks standing to challenge the clinics' incorporation. Accordingly, the district court did not err in dismissing MIS's complaint for failure to state a claim upon which relief may be granted.

**Affirmed.**